No. 28,350.

THE SECURITY STATE BANK, *Appellee*, v. THE ROYAL INDEMNITY COMPANY, *Appellant*.

(273 Pac. 430.)

Opinion filed January 12, 1929.

*A. L. Berger,* of Kansas City, *E. R. Morrison, James E. Nugent, L. Newton Wylder* and *Homer H. Berger,* all of Kansas City, Mo., for the appellant; *D. C. Johns,* of Kansas City, Mo., of counsel.

*E. S. McAnany, M. L. Alden* and *T. M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a policy of robbery insurance. The decision turns upon the question whether the plaintiff lost its right of recovery by failure to send a guard with the messenger who was robbed. The defendant appeals from an order overruling a demurrer to plaintiff's petition. The pertinent part of the petition alleged that—

"In the statements made by plaintiff to the defendant, which are part of the policy hereto attached as 'exhibit A,' the plaintiff stated that one guard would at all times accompany the custodian while conveying insured property outside the premises of plaintiff. Plaintiff says that at the time and place of the robbery as hereinbefore described, no guard was accompanying said messenger

or custodian. This, however, resulted from an unforeseen contingency beyond this plaintiff's control in this, to wit: that M. L. Briedenthal, cashier and managing agent of the plaintiff had, prior to the robbery hereinbefore set forth, instructed the employees of this plaintiff whose duty it was to send messengers or custodians with or to secure money, that a guard should accompany such messenger or custodian at all times, which instruction was violated on this particular day, during the absence of said M. L. Briedenthal, and without his fault or knowledge, or the fault or knowledge of the officers or directors of plaintiff; that prior to the robbery mentioned herein no violation of such instructions had occurred to the knowledge of the officers or directors of plaintiff; that the failure of a guard to accompany such messenger at the time of the robbery was due to the violation of the instructions given by said cashier and managing agent, as aforesaid, by the employee sending such messenger, and was wholly without the knowledge of the officers or directors of the plaintiff; that it was impossible for plaintiff. to foresee that such instructions would be violated and beyond its control to prevent it in this instance, its officers or directors having no knowledge thereof."

The clause of the policy under which the plaintiff sought to avoid failure to send a guard with the messenger reads:

"If from some unforeseen contingency, beyond the control of the insured, the insured is unable to maintain any service or to perform any act specified in the schedule, and the risk assumed hereunder by the company is increased, the insurance granted by this policy shall not be forfeited, but the liability of the company shall be limited to such amount of insurance as the premium paid would have purchased under the company's published manual of rates which was in force at the time of the issue of this policy."

The policy also provided:

"The following precautions will always be taken by the insured to prevent loss:

"(a) One guard (state number of guards who will accompany each custodian, while conveying the insured property outside the premises).

"This policy does not cover . . . loss or damage unless the insured has taken all reasonable precautions to safeguard the insured property nor unless the commission of the robbery, if any, is established by reasonable evidence."

The defendant contends that the failure to send a guard as required by the policy voided liability thereunder; that the facts pleaded in the petition do not bring the case within the "unforeseen contingency" clause of the policy. We are of the opinion that the failure of the plaintiff to comply with the provision of the policy with respect to sending a guard with the messenger increased the risk of loss by robbery and may reasonably be said to have constituted a direct cause of the loss in question. It has been held that the violation by the insured of his contract obligation con-

tained in the policy precluded recovery by him. (See *Cobb v. Insurance Co.*, 17 Kan. 492; *Insurance Co. v. Knerr*, 72 Kan. 385, 83 Pac. 611; *Hammond v. Insurance Co.*, 92 Kan. 851, 142 Pac. 936; *Cranden v. Insurance Co.*, 99 Kan. 785, 163 Pac. 458; *Wood v. Insurance Co.,* 109 Kan. 801, 202 Pac. 82.)

*Kean v. National Surety Co.*, 241 N. Y. 252, 149 N. E. 849, was a suit upon a policy of robbery insurance wherein the insurer agreed to indemnify the insured against loss by reason of holdup or robbery while property was in transit, within twenty miles of insured's office, in the custody of an employee of the insured. The policy contained a provision that if the property in transit amounted to more than $250,000 it should be in the custody of a partner of the insured or a regular employee, accompanied by two guards at least 24 years of age, or if the employee or custodian should be 24 years of age, the guards should not be less than 21 years of age. At the time of the loss in question government bonds in the sum of $400,000 were being transported outside of the premises of the insured by one Young, who was accompanied only by one youth 18 years of age. During the course of his journey and while within 20 miles of the place of business of the insured he was held up and robbed of the bonds. The court said:

"This condition the plaintiffs failed to fulfill. They did not perform their part of the contract, a condition precedent to liability. The bonds were carried through the street by Young, an employee, accompanied by a lad 18 years of age. The risk was materially increased by this fact. It was a vital and important part of the agreement. And what is more, the omission was known to Young, for he frankly states in his testimony that he knew when he left the plaintiffs' offices to make delivery of the bonds that he should have taken with him two guards of the required age.

"The plaintiffs cannot expect the defendant to keep its part of the obligation when they have omitted a vital prerequisite of their own. We take this bond as we find it, placing upon the parties merely the obligations which they have voluntarily assumed, and holding them to the natural consequences of their defaults. An insurance policy or bond is no different than any other contract and comes within the same rules of construction. The purpose and attempt of the courts is to give to the language used by the parties its usual and ordinary meaning in the light of all the circumstances and conditions, having in mind, as did the parties, the nature of the transaction." (p. 258.)

We are of the opinion that the plaintiff cannot avoid the consequences of its default by bringing itself within the provisions of another clause of the policy which, by the plain meaning of its language, is not applicable nor intended to excuse the default of which

the plaintiff was guilty. The employee who dispatched the messenger is presumed to have been acting within the scope of his employment. He was performing one of the acts for which he was employed. Ordinarily the act of a duly appointed agent, within the scope of his employment, is in legal effect the act of the principal. To hold otherwise would be to permit one to transact his business through agents and derive all of the benefits thereof without suffering any of the detriments which might be encountered. It cannot reasonably be said that the mere failure of an agent to comply with the letter of instructions issued to him by his principal constitutes a departure from the scope of his employment. Moreover, the plaintiff is a corporation. In the very nature of things it can act only through the physical agencies of its directors, officers and agents. The act of an officer or agent of a corporation, within the scope of his authority, is in fact the act of the corporation. In the instant case the act of the employee of the plaintiff, in dispatching the messenger without a guard, was the act of the plaintiff corporation itself. It is perfectly apparent that the plaintiff in the instant case "did not take all reasonable precautions to safeguard the insured property" for which reason the policy does not cover the loss.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer to plaintiff's petition.

HARVEY, J., dissenting.