### DAICHES v. UNITED STATES FIDELITY & GUARANTY CO.

No. 8403.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1937.

150

Glover Johnson, of Fort Worth, Tex., for appellant.

Ralph W. Malone, of Dallas, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, a jeweler, sued on a policy of insurance protecting against loss and damage by robbery, alleging that his store had been robbed and he had suffered a loss of $6,683.30. The policy, for a premium of $112.50, insured plaintiff against loss up to $7,500 by robbery occurring "within the premises during the hours beginning 7 o'clock a. m. and ending 12 o'clock p. m. while the custodian and at least one other employee of the assured are on duty therein."

In addition to the primary coverage of the policy, there was a "Change in Risk" or nonforfeiture clause, providing that "if the assured is unable, because of an unforeseen contingency beyond his control," to do and perform any of the things required by the declarations, thereby increasing the risk, the insurance should not be forfeited, but the amount of coverage should be reduced to the amount which the premium actually paid under the policy would have purchased for the actual risk under which the loss was sustained.

The claim was that the condition of the policy, that "a custodian and at least one other employee of the assured should be on duty in the premises" when the robbery occurred, was substantially complied with, and plaintiff was entitled to the full coverage, but it was claimed in the alternative that if this condition was not complied with, this was because within the "Change in Risk" provision of the policy, "the assured was unable because of an unforeseen contingency beyond his control" to have two employees there.

The defense was that only one employee was on the premises when the robbery occurred; that this was not due to the inability of the assured "because of an unforeseen contingency beyond his control" to comply with the condition; and that defendant was not liable under the policy.

Tried to the court on jury waiver, there were findings of fact and law, and a judgment for defendant.

Appellant does not complain of the fact findings, nor does he complain of the conclusion that there was a breach of the full coverage conditions, that "the custodian and at least one other employee of the assured should be on duty within the premises at the time of the robbery." His sole complaint is of the conclusion that his evidence did not bring him within, and entitle him to recover under, the "Change in Risk" clause. These are the facts:

At approximately 8:15 a. m. on Monday morning plaintiff's store was entered by a lone robber and his safe therein was robbed of money, jewelry, and diamonds, resulting, after allowing for the articles recovered, in a loss of $6,683.30. At the time of the robbery plaintiff was not present in his store. The only person in his employ who was present was Max Daiches, his nephew, the custodian of the store, and the duly authorized and acting agent of plaintiff.

At the time of the robbery, besides Max Daiches, plaintiff had two employees, Young, a watchmaker, and Wright, a negro porter. All three had been working for plaintiff for four or five years prior to the robbery, and each of them was required to report for duty at 7:45 each morning. On the morning of the robbery Max Daiches, as he had done on some prior occasions, arrived and opened the store alone at 7:45 a. m. In a few minutes Young arrived. Daiches, on seeing Young at the door, opened the safe. Young, however, did not remain in or at the store, but, as he had for several days been doing, with the knowledge and consent of the plaintiff and of Max Daiches, went across the street to a restaurant or cafe for his breakfast. While he was there, and not on duty, and

Max Daiches was alone in the store, the robbery occurred.

On the night preceding the robbery the negro porter, Wright, was sick and had been taking medicine. Because he had, he arose on the morning of the robbery about thirty minutes later than his usual custom, still feeling so badly that at first he thought he would not go to the store. Deciding later to do so, he arrived there shortly after the robbery had occurred. Neither plaintiff, nor Max Daiches at the time he opened the store and safe, knew of Wright's sickness, but Max knew at the time he opened the store, and again, after he had opened the safe, that he was alone in the store and that neither Young nor Wright was on duty, and he made no effort to ascertain their whereabouts, or to keep the store and safe closed while he was alone on duty.

In arguing the case before us, appellant seeks to focus our attention entirely upon the absence of Wright, the porter. He presses us with the argument that the policy provision is against, not an "unforeseeable," but an "unforeseen" contingency, and that however foreseeable the porter's absence might be said to have been, it certainly was not foreseen, and not having been foreseen, Wright's absence brings the case directly within the "Change in Risk" clause.

We cannot agree with this argument. Centering upon the parenthesis, "because of an unforeseen contingency beyond his control," the construction this argument demands for the clause disregards, in effect rewrites the clause to leave out of it, its most significant provision. That provision is, "if the assured is unable * * * to maintain any service etc." The argument, in short, refuses to see and give effect to the controlling fact, that whether Wright's absence was or was not an unforeseen contingency, it did not render the assured unable to maintain the service required. For through his agent and alter ego, Max Daiches, he could either have delayed opening the door and safe until Young, the other employee, had had his breakfast, or could have required him to remain in the store without his breakfast until either Wright had arrived, or some other employee had been secured. Concerning itself entirely with whether Wright's absence was an unforeseen contingency, the argument not only fails to meet, but leaves entirely out of account, the fact, fatal to plaintiff's claim, that the whole situation was entirely within plaintiff's control, and that Wright's absence did not at all render him unable to maintain the condition required by the policy for recovery under it.

Appellant cites no cases in support of his contention. Appellee cites two quite directly in point, Security State Bank v. Royal Indemnity Co., 127 Kan. 230, 273 P. 430; Goldberg v. Central Surety & Ins. Corp., 145 Kan. 412, 65 P.2d 302. These, construing a "Change in Risk" provision identical with the one in question here, reject the contention appellant advances, and definitely and clearly hold that such a clause does not operate as an automatic reduction of the insurance where the primary conditions are not complied with, but applies alone to a situation which gotten completely out of hand, that is, a situation which the exercise of reasonable care and prudence, on the part of the assured, and of his agents and employees in charge of his premises and work, cannot remedy.

Appellee cites other cases,[1] which, though not directly in point, support the conclusion it contends for, that the "Change in Risk" clause appellant invokes, may not reasonably be applied here.

The District Judge was right in giving judgment for defendant. The judgment is affirmed.

---

[1] Smith v. Fidelity & Deposit Co., 98 N.J.L. 534, 120 A. 322; Carolina Spruce Co. v. Black Mountain R. Co., 139 Tenn. 137, 201 S.W. 154, 155.