RALPH PERRI, INC., et al., Respondents, v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.— In an action to recover on a policy issued by appellant which insures respondents against loss by reason of payroll robbery, the appeal is from an order denying a motion for summary judgment dismissing the complaint. Order reversed, without costs, and motion granted, without costs. The policy is effective only while the payroll is in the care of a custodian who, when outside the premises of the insured, "is accompanied by at least * * * 2 guards (1 guard is armed)". The car occupied by the custodian with payroll and a chauffeur, both unarmed, was intercepted by robbers immediately northeast of the junction of Queens Boulevard and Ascan Avenue, Queens County, New York City. Halted in traffic on Queens Boulevard, at the time, was an armed employee of respondents who was driving his own car and who had been endeavoring to follow the custodian's car. He learned of the robbery hours later. There was no attempt by the custodian to maintain contact with this armed employee. The chauffeur of the car in which the custodian was riding did not even know of the following car or know its occupant. Assuming that the chauffeur was one of the required guards, the custodian, nevertheless, was not accompanied by another and armed guard as of the time of the robbery. The foregoing condition in the policy, which was prerequisite to recovery thereon, was not fulfilled. There was no "unforeseen contingency" beyond the control of the assured within the purview of clause "K" of the conditions and limitations in the policy (*Daiches* v. *United States Fidelity & Guar. Co.*, 93 F. 2d 149). Nolan, P. J., Wenzel and Murphy, JJ., concur; Kleinfeld, J., with whom Beldock, J., concurs, dissents and votes to affirm with the following memorandum: Whether the custodian of the payroll was "accompanied" by two guards, one armed, is an issue of fact. The two cars started out in close proximity, the armed guard riding in the car behind. This arrangement had been recommended by a city detective as the most effective means of protection. The detective had also advised that the custodian's chauffeur be kept in ignorance of the presence of the armed guard in order that the chauffeur should not, accidentally or intentionally, reveal the plan of protection. Under these circumstances, the word "accompanied" may fairly be interpreted to mean "escorted" or "convoyed". Unforeseen separation of the cars in traffic should not be held, as a matter of

law, to be a termination of accompaniment, especially since only a few minutes elapsed between the separation and the robbery. The motion for summary judgment was properly denied. (*Lachs* v. *Fidelity & Cas. Co. of N. Y.,* 306 N. Y. 357, and cases therein cited; *Underwood* v. *Globe Ind. Co.,* 245 N. Y. 111.)