■ BROOKLYN UNION GAS COMPANY, Appellant, v JOHN SHIELDS DETECTIVE BUREAU, INC., Defendant and Third-Party Plaintiff-Respondent. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Third-Party Defendant-Appellant.—In an action, inter alia, to recover damages for breach of contract, (1) the plaintiff Brooklyn Union Gas Company appeals from so much of an order of the Supreme Court, Kings County (Miller, J.), dated July 5, 1985, as denied its motion for summary judgment, and (2) the third-party defendant Hartford Accident and Indemnity Company separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Order modified, on the law, by deleting the provision thereof which denied the plaintiff's motion for summary judgment and substituting therefor a provision granting that motion to the extent that the plaintiff is awarded judgment on its cause of action to recover damages for breach of contract, in the principal sum of $82,911.14, and, upon searching the record, the complaint is otherwise dismissed. As so modified, order

affirmed, with costs to the plaintiff on its appeal, payable by the defendant third-party plaintiff-respondent, and with costs to the defendant third-party plaintiff-respondent payable by the third-party defendant on its appeal, and matter remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

On August 21, 1981, the plaintiff Brooklyn Union Gas Company (hereinafter Brooklyn Union) and the defendant John Shields Detective Bureau, Inc. (hereinafter Shields) entered into an agreement in which it provided that, for a fee, Shields would furnish armed guards to transfer funds from Brooklyn Union's offices to certain banks. The agreement provided that in the event of loss, Shields was to reimburse Brooklyn Union for the amount thereof within 15 days. It also contained a provision requiring Shields to pay any costs, expenses and attorney's fees incurred by Brooklyn Union in connection with any claims or actions brought against it arising out of the performance of Shield's duties.

On April 12, 1983, two Shields employees, William F. Buckley and Frank Slater, were engaged in making collections on behalf of Brooklyn Union pursuant to the contract. Buckley, who was armed, made the pickups and deliveries, while Slater, who was not armed, drove the vehicle in which they were making their collections. During the course of the day, Buckley left the car to make a pickup from Brooklyn Union's Bedford-Stuyvesant office while Slater remained behind. Buckley was given two bags which he was told contained a total of $129,261.61 in cash and checks, and he was instructed to take the bags across the shopping plaza in which the office was located to a branch of the Chemical Bank. According to Slater, he remained in the car in order to serve as a lookout for Buckley. Immediately upon leaving the Brooklyn Union office, Buckley was struck from behind by an unknown assailant and the bags were taken from him. The attack took place in a blind spot in the plaza so that Slater was unable to see what had occurred. Neither the bags nor the money were recovered.

Because the stolen checks were either replaced or, since payment was stopped, Brooklyn Union sustained a cash loss of only $77,933.70. In addition, however, it claimed that it had incurred expenses of $4,977.44 in obtaining replacement checks and that its total loss therefore amounted to $82,911.14. It made demand for repayment of said amount under the terms of the agreement in letters to Shields dated April 14, 1983, and June 10, 1983, respectively. Shields, however, refused to reimburse Brooklyn Union for its loss.

At the time of the incident, there was in effect a Comprehensive Dishonesty, Disappearance and Destruction policy issued to Shields by Hartford Accident and Indemnity Company (hereinafter Hartford), which covered Shields' work under its contract with Brooklyn Union and contained provisions with respect to indemnifying Shields for "Loss Outside the Premises". As part of the loss outside the premises coverage, the policy provided "that each messenger while conveying monies, Securities and other property * * * in excess of $10,000.00 shall be accompanied by at least 1 guard". The term "Guard" was defined as "any male person not less than seventeen, nor more than sixty-five years of age, who accompanies a Messenger by direction of the Insured, but who is not a driver of a public conveyance".

In a complaint dated January 26, 1984, Brooklyn Union commenced this action asserting claims against Shields for breach of contract and negligence and sought damages therefor in the amount of $97,108. Apparently the moneys in excess of the actual loss of $82,911.14 represented legal fees and other costs expended in prosecuting the action. Thereafter, Shields served a third-party summons and complaint on Hartford setting forth causes of action sounding in indemnification and breach of contract and requesting money damages in the amount of $20,666.67. In its answer, Hartford pleaded as an affirmative defense that the "Loss Outside the Premises" indorsement placed the robbery outside the coverage of the policy, because Buckley had not been "accompanied" by Slater at the time of the robbery.

Thereafter, both Brooklyn Union and Hartford moved for summary judgment. By order dated July 5, 1985, Special Term denied both motions finding that "sufficient triable issues of fact requiring a plenary trial exist, including, but not limited to, whether defendant Shields exercised due care in its bailment of the funds in issue, the parties' intent and understanding the pertinent contractual provisions in both Brooklyn Union Gas' contract with Shields and Shields' insurance contract with Hartford, the accuracy of sketches and investigation of the crime scene submitted by Hartford and whether Shields assumed all risk of loss".

We have examined the disputed provisions in the contract between Brooklyn Union and Shields and find them to be unambiguous (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 554). Therefore, the intent of the parties can be gleaned from the contract itself and evidence extrinsic to it may not be considered (see, Teitelbaum Holdings v Gold, 48 NY2d 51, 56).

The agreement between Brooklyn Union and Shields plainly requires that Shields reimburse Brooklyn Union for the losses it actually incurred as a result of the robbery and summary judgment thereon should have been granted in favor of Brooklyn Union. However, the provision concerning Shields' obligation to reimburse Brooklyn Union for its costs, expenses and attorneys' fees is clearly intended to apply to claims brought against Brooklyn Union by third parties and is not applicable to this action. Accordingly, the plaintiff's right of recovery is limited to the actual loss occasioned by the robbery, i.e., $82,911.14, and should not include its costs, expenses and attorneys' fees. We find Shields' other contentions with regard to the main action to be without merit.

With respect to the third-party action, on the other hand, we find that the question of whether Shields' employee, Buckley, was "accompanied" by Slater while he was sitting in the car acting as a lookout, as required under the Dishonesty, Disappearance and Destruction policy issued by Hartford presents a question of fact (see, Ralph Perri, Inc. v Metropolitan Cas. Ins. Co., 2 AD2d 700, affd 4 NY2d 983) and we accordingly affirm so much of the order appealed from as so held. Brown, J. P., Rubin, Eiber and Spatt, JJ., concur.