■ DOROTHY E. JOHNSON, Respondent, v KENNETH C. JOHNSON, Appellant.—In an action to enforce certain provisions of an amended separation agreement entered into by the parties, the defendant husband appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated November 25, 1985, which, after a nonjury trial, (1) is in favor of the plaintiff in the principal amount of $3,607, representing the defendant's obligation for the support of the adult mentally retarded son of the parties, pursuant to the separation agreement, (2) is in favor of the plaintiff in the principal amount of $1,500, representing the plaintiff's counsel fees, and (3) ordered the defendant to pay the plaintiff $152 per week for the support of the parties' son until the son obtains permanent full-time employment.

Ordered that the judgment is affirmed, with costs.

The amended separation agreement entered into by the parties provided that in the event their mentally retarded son shall become unemployed, both parties shall be equally responsible for his support. Special Term correctly interpreted the plain wording of that agreement to require that the parties equally contribute to the support of their son when he ceased working for the defendant's company *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554; *Brooklyn Union Gas Co. v Shields Detective Bur.,* 121 AD2d 587, 589).

There is no dispute that the son ceased working on February 11, 1985. The agreement did not require the plaintiff to establish "good cause" for the son's termination of employment. We further note that the trial court's denial of the defendant's application for an adjournment of the trial was not an abuse of discretion *(see, Matter of Patricia L. v Steven L.,* 119 AD2d 221, 226; *Cuevas v Cuevas,* 110 AD2d 873, 877). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.