ALBERT FRIED, JR., Respondent, v JOHN N. PICARIELLO et al., Appellants.—

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff was the owner of a stallion which he agreed to breed during the 1986 breeding season with a thoroughbred mare owned by the defendants. To provide for any foal produced from this mating, the parties entered into an agreement on December 6, 1985, denominated a "Foal Sharing Agreement", pursuant to which the parties would each own an undivided one-half interest in the resulting foal. Paragraph 8 of that agreement provided: "In the event the [defendants elect] to sell the mare prior to foaling, the [defendants] will pay the [plaintiff] a service fee of $60,000 for the nomination used for the 1986 breeding of the mare plus 12% interest thereon from September 1, 1986 until such payment is made".

It is undisputed that the defendants catalogued the mare at a horse auction prior to foaling. The plaintiff commenced the instant action to recover the $60,000 stud service fee, alleging that cataloguing the mare at an auction constituted an election to sell within the meaning of paragraph 8 of the agreement.

The key issue in this dispute is the meaning of the term election to sell as used in the agreement. We find that the language of the agreement is clear and unambiguous on its face. The interpretation of the agreement and its language was, therefore, a matter for the court in the first instance *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). The intent of the parties must be found within the four corners of the document and without resort to extrinsic evidence *(see, Namad v Salomon Inc.,* 74 NY2d 751, 753; *Brooklyn Union Gas Co. v Shields Detective Bur.,* 121 AD2d 587, 589). In this regard, we agree with the Supreme Court that had the parties intended for an actual sale to be consummated to trigger the provisions of paragraph 8, they would have used more definitive language.

Our decision would be unchanged even if the disputed language of paragraph 8 were ambiguous. In support of his motion for summary judgment, the plaintiff submitted his own affidavit based on personal knowledge, the affidavit of his agent with respect to the mating and foal sharing agreement, and four separate affidavits of individuals involved in the horse breeding business. The latter four affiants each asserted that the phrase "elect to sell" as used in the subject agreement was commonly known in the horse breeding industry to include cataloguing of a horse for sale. The plaintiff's moving papers succeeded in establishing his cause of action as a matter of law *(see, Sutton v East Riv. Sav. Bank, supra; Zuckerman v City of New York,* 49 NY2d 557, 562). It was

then incumbent upon the defendants to come forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact or an acceptable excuse for their failure to do so *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York, supra).* The defendants did not submit their own affidavits based on personal knowledge or present any reasonable excuse for their failure to supply such affidavits *(see, Guzzardi v Perry's Boats,* 92 AD2d 250, 254). Furthermore, the affirmation of the defendants' counsel, who did not aver personal knowledge of the facts, was without probative value and was not sufficient to overcome the plaintiff's proof *(see, Sutton v East Riv. Sav. Bank, supra; Zuckerman v City of New York, supra).* In view of the defendants' totally inadequate response to the plaintiff's motion, the Supreme Court properly granted summary judgment in the plaintiff's favor. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.