■ MICHAEL SLAMOW et al., Appellants, v JOHN DEL COL, Respondent.—In an action for the return of a down payment under a residential real estate contract of sale, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Burrows, J.), entered January 23, 1990, which granted the defendant's motion for summary judgment dismissing the

complaint, and denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, the plaintiffs' cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in favor of the plaintiffs.

The parties entered into a residential real estate contract of sale containing a mortgage contingency clause wherein the plaintiffs' obligation to purchase was made contingent upon their obtaining, by a specified date, a written commitment from an institutional lender to make a loan to the purchasers "of not less than $201,375". After the purchasers' mortgage application for $241,650 had been rejected and their request pursuant to the terms of the contingency clause for the return of the down payment declined, the plaintiffs brought suit to recover the down payment. The court granted the defendant's motion for summary judgment and denied the plaintiffs' cross motion, finding that, as a matter of law, the plaintiffs breached the contract by applying for a mortgage that was approximately $40,000 more than that "required" under the terms of the contingency clause. The plaintiffs now appeal on the grounds, *inter alia,* that the court ignored the plain meaning of the contract terms and effectively rewrote them in favor of the defendant. We agree.

It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Fried v Picariello,* 158 AD2d 511, 512; *Mazzola v County of Suffolk,* 143 AD2d 734, 735; *Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769). The defendant here would have this court interpret the contract provision to mean that the plaintiffs were required to apply for a mortgage "not to exceed $201,375" rather than one for the existing provision "not less than $201,375". The interpretation the defendant urges is contrary to the plain words utilized in the contract and language to give effect to that interpretation was readily available had it been the intention of the parties to include such a limitation *(see, Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 603; *Ting v Dean,* 156 AD2d 358, 359; *Silva v Celella,* 153 AD2d 847). There can be no doubt that if the defendant had intended a more specific, limited, or narrower meaning for the

terms used, then the burden was upon him, as drafter of the contract, to so specify, and his failure to do so must not operate to the plaintiffs' detriment *(see, Mazzola v County of Suffolk, supra).* A court may not rewrite into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning *(see, Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649, 652; *Tantleff v Truscelli, supra).*

Pursuant to the terms of the contract, we find that the plaintiffs had the right to a return of their down payment as of September 1, 1988, since no mortgage commitment had yet been obtained as of that date. The defendant's allegations to the contrary, and his allegation that the plaintiffs proceeded in bad faith, are merely conclusory and, as such, are entirely insufficient to warrant denial of the plaintiffs' cross motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We have examined the plaintiffs' remaining contention and find it to be without merit. Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.