■ COBALT BLUE CORP., Doing Business as FORMERLY JOE'S, Respondent, v 184 W. 10TH STREET CORP., Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 18, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment, reversed to the extent appealed from, on the law, and the motion denied, without costs or disbursements.

Under the terms of a lease entered into by plaintiff's assignor with defendant landlord, the tenant of the premises could renew for two successive five year terms after the expiration of the initial term of the lease on August 31, 1991. Pursuant to paragraph 60 (c), the options were required to be "exercised" at least 12 months prior to the expiration of the then existing term. However, paragraph 60 (d) provided that the tenant's renewal options "shall be of no force and effect" in the event the landlord received a "bona fide" offer from a third-party to lease the premises at a higher rental for the period of the renewal term. The tenant had the right, within 30 days of being sent copies of the proposed third-party lease, to accept the terms by executing and returning these copies. If the tenant did not accept within this period, the landlord would be free to enter into the proposed lease with the third-party.

Plaintiff, which was assigned the lease in 1984, purported to exercise the option to renew, for both five year renewal periods, in a letter dated August 3, 1989 over two years before

the expiration date. The defendant landlord would not agree to the further term, and on July 23, 1990, sent the plaintiff copies of a proposed offer by a third-party to rent the premises for the period at a rental three times greater than that set forth in the lease. Plaintiff refused to match such offer and brought this action for declaratory and injunctive relief.

The IAS court granted plaintiff summary judgment on its first cause of action finding that the landlord was precluded from invoking the provisions of paragraph 60 (d) after the plaintiff had already exercised the renewal option.

While pursuant to the terms of paragraph 60 (c), "[e]ach of said options shall be exercised by Tenant giving notice by certified mail to Landlord * * * at least twelve (12) months before the expiration of the then existing term", the terms of paragraph 60 (d) can reasonably be interpreted to contemplate countervailing offers received by landlord from bona fide third-parties, even *after* the tenant exercised the option to renew. Thus, that paragraph provides that if the landlord receives a third-party offer *"at any time* prior to the expiration of the then existing term" (emphasis added), the renewal options "shall be of no force and effect". In view of the ambiguity raised by these sections of the lease, the IAS court improvidently granted plaintiff summary judgment.

Further, while plaintiff asserts that defendant made a counter offer for a ten year renewal which was not on the same terms and conditions as the existing lease, the plaintiff purported to exercise both the five year renewal options of the lease in 1989. This, and other minor changes, simply raise other issues of fact as to whether the variance in the terms was substantial or *de minimis*. Although the plaintiff does not attack the counter offer as not bona fide, this also remains as an issue of fact which cannot be determined on the papers before us. Concur—Rosenberger, Kupferman, Ross and Asch, JJ.

Milonas, J. P., dissents in a memorandum as follows: In my opinion, the order being appealed herein should be affirmed. In that regard, the subject lease states that:

"60 (a) Tenant shall have an option to renew this lease for a term of five (5) years upon the same terms and conditions as are provided herein except that the rental during said first renewal term shall be as follows: [annual and monthly rents are specified for each of the next five years].

"(b) Tenant shall have the further option to renew this lease for an additional term of five (5) years upon the same terms

and conditions as are provided herein except that the rent shall be fixed at an amount equal to the highest bona fide offer from any third party * * * but in no event shall the rent be less than [specified annual and monthly rents for the ensuing five years] * * *

"(d) The Tenant's renewal options provided for herein shall be of no force and effect in the event that at any time prior to the expiration of the then existing term, the Landlord shall receive a bona fide offer from any person to lease the demised premises for the period of the renewal term at a rental in excess of the rental provided to be paid by the Tenant during the ensuing renewal term but otherwise on the same terms and conditions as are contained in this lease * * * Tenant shall have the right within thirty (30) days after receipt of two (2) copies of the proposed lease to accept the terms of said proposed lease by executing and returning two (2) copies of the proposed lease to the Landlord."

In a letter dated August 3, 1989, plaintiff-tenant advised defendant-landlord of its intention to exercise both of the renewal options. In January and March of 1990, defendant wrote to plaintiff that it planned to offer the renewal term to third parties pursuant to paragraph 60 (d) and thereafter issued a notice of termination when there was no response from plaintiff. Plaintiff countered by instituting this action and was accorded summary judgment on the first cause of action on the ground that a binding contract was created under paragraph 60 (a) for the first five year renewal term once the tenant invoked the renewal option, and defendant could no longer force a substituted lease upon plaintiff. Significantly, it should be pointed out that the lease itself does not refer to the possibility of another offer in section (a), which relates to the first five year renewal. This provision simply bestows a renewal option upon the tenant for a term of five years at the enumerated rent. Only in section (b), dealing with renewal for an additional five years, does it declare that the such renewal shall be "fixed at an amount equal to the highest bona fide offer from any third party * * * but in no event shall be less than" the listed rent. Section (d) permits the landlord to receive a bona fide offer from a third party. The words "ensuing renewal term" can, however, be deemed to mean only the second term. Thus, the lease authorizes the landlord to entertain another bona fide offer only in connection with the second renewal term.

The Supreme Court determined that since plaintiff availed itself of the renewal option, it was under no obligation to

match the third party's proposal as the lease renewal was already in effect, and defendant's actions constituted an improper rescission of a binding lease. It should be noted that in *Goldman v Orange County Ch., N. Y. State Assn. for Retarded Children* (121 AD2d 683, 684), the court explained that "it is clear that the parties intended that they should each have an option to renew the lease. Therefore, once the plaintiff landlord exercised his option, a bilateral contract was created". The law is established that "[i]t is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Fried v Picariello,* 158 AD2d 511, 512 * * *)" *(Slamow v Delcol,* 174 AD2d 725, 726). It is simply not reasonable to expect a party to believe that it has exercised an option to renew a lease but yet keep it in suspense as to whether the renewal is effective in case the landlord, some time before expiration of the existing term, emerges with another party interested in the lease. However, even assuming the existence of any uncertainty in the wording of the subject agreement, "[i]t has long been the rule that ambiguities in a contractual instrument will be resolved *contra proferentem,* against the party who prepared or presented it" *(151 W. Assocs. v Printsiples Fabric Corp.,* 61 NY2d 732, 734). In any event, plaintiff's complaint does not seek relief in connection with the second five year renewal option, so the landlord's right to produce a bona fide offer from a third party is purely academic. Certainly, the Supreme Court properly granted summary judgment with respect to plaintiff's first five year option.