■ GERARD A. GILBRIDE, JR., Respondent, v STEPHEN A. HARRISON, Appellant. [623 NYS2d 292] —In an action, *inter alia,* for an accounting and to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 6, 1993, as denied that branch of his motion which was for summary judgment dismissing the first cause of action and granted the plaintiff's cross-motion for partial summary judgment on the first cause of action to the extent of declaring that the parties' partnership agreement does not preclude the plaintiff's claims for a share of disputed contingency fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were partners in a short-lived law practice. The partnership was governed by a partnership agreement which, *inter alia,* provided for the distribution of partnership assets upon dissolution. The agreement contained a formula, that assigned a point value to the respective interests of each of the partners in contingent-fee cases that had been opened prior to the existence of the partnership based upon the length of time the case was pending as of the date of dissolution. Thus, the point value was to reflect the proportionate effort expended by each of the partners. Pursuant to the formula, the defendant, as the attorney who was responsible for opening the existing cases, was to receive a greater num-

ber of points for such cases, and, upon settlement of the cases, his share of the profits would be determined in accordance with his higher point value. Income from new cases opened during the existence of the partnership was to be shared equally without reference to the point system. The record indicates that, following his withdrawal from the partnership, the plaintiff received payments in accordance with the terms of the formula.

Contrary to the defendant's contentions, the provision of the agreement which limited a partner's annual distribution of partnership assets upon dissolution to 50% of that partner's "net income for the preceding year" does not preclude continued distribution of the plaintiff's *pro rata* share of contingent fees. The agreement unambiguously provides for the distribution of each partner's *pro rata* share of net income, pursuant to the formula provided therein, upon the closing of the files. To the extent that the cases constitute partnership assets *(see, Dwyer v Nicholson,* 193 AD2d 70), the plain language of the agreement supports such a conclusion *(see, Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016), and the parties' conduct demonstrates that this was their understanding. The provision quoted by the defendant, when read in context, applies to the distribution of partnership assets upon dissolution, other than income from the designated cases, and was evidently intended to protect the surviving partner by precluding the payment of excessive amounts that would cripple the continuing practice by deferring such distributions to following years. Accordingly, the Supreme Court properly held that the disputed contingency fees constituted assets to be accounted for at the conclusion of discovery. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.