■ BARCLAY ARMS ASSOCIATES et al., Respondents, v KEVIN T. CLEMENTE, Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered August 3, 1983 in Ulster County, which, *inter alia,* denied defendant's motion for summary judgment dismissing plaintiff's second cause of action and granted plaintiff summary judgment on said

cause of action for specific performance. The facts are not in dispute. Plaintiff James A. Geller, an attorney, is a general partner of plaintiff Barclay Arms Associates. On January 18, 1983, Geller, on behalf of the partnership, entered into a contract, which he prepared, to purchase an apartment complex from defendant. Prior to closing, defendant wrote the real estate broker advising that he was canceling the agreement based on paragraph 17 of the contract. The only reason given by defendant for canceling was that "because of the tax and financial ramifications of the sale, it would be economically more beneficial to retain the property and not proceed with the sale". The critical paragraph 17 provides as follows: "This agreement shall be governed by the laws of the State of New York. Responsibility of the parties pursuant to this agreement shall be expressly limited to a return of Purchaser's deposit, in the event of nonperformance of Seller; or a claim against such deposit by Seller, in the event of nonperformance by Purchaser to exceed no more than $2,500.00." The instant action was commenced containing the following causes of action: (1) a cause of action seeking $575,000 in compensatory damages for breach of contract; (2) a cause of action for specific performance of the real estate contract; (3) a cause of action for fraud; (4) a *quantum meruit* cause of action; (5) an unjust enrichment cause of action; and (6) a cause of action for punitive damages. Defendant moved to dismiss all of the causes of action except the third cause of action for fraud. Special Term treated the motion as one for summary judgment and granted defendant summary judgment dismissing all causes of action except number two for specific performance. As to that cause of action, Special Term granted plaintiffs summary judgment. This appeal by defendant ensued. There should be an affirmance. It is well established that a liquidated damage clause, in which category paragraph 17 of the agreement falls, does not bar the equitable relief of specific performance unless there is explicit language that liquidated damages are to be the sole remedy for the breach (*Rubinstein v Rubinstein,* 23 NY2d 293; *Richards v Levy,* 40 AD2d 1055). From our reading of paragraph 17, we are unable to conclude that the parties intended to make liquidated damages the sole remedy for the breach. Furthermore, a fair reading of the rather lengthy and detailed agreement in its entirety demonstrates that the underlying intent of the parties was that defendant was to sell and plaintiffs were to purchase the property in question. The law presumes that the primary purpose of a contract is performance and not nonperformance (*Rubinstein v Rubinstein, supra,* p 299; *Phoenix Ins. Co. v Continental Ins. Co.,* 87 NY 400). Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.