■ COMAR BABYLON COMPANY, Respondent, v MARTIN GOLDBERG, Appellant.—In an action to recover rent and related charges pursuant to a lease, defendant tenant appeals from a judgment of the Supreme Court, Nassau County (Vitale, J.), dated July 16, 1984, which awarded plaintiff landlord the sum of $25,567.87.

Judgment affirmed, with costs.

Appellant vacated the commercial space he rented from respondent three years prior to the expiration of the term of the lease. On appeal he urges this court to reverse the judgment and hold that a landlord of commercial space has a duty to mitigate damages upon a tenant's breach of a lease. That general proposition is not before us since we agree that respondent landlord diligently and reasonably attempted to mitigate damages. Respondent landlord placed a for-rent sign in the store window, advertised in a newspaper and informed

any prospective tenants who inquired as to space in its other shopping centers of the vacancy (see, *Parkwood Realty Co. v Marcano,* 77 Misc 2d 690). The space was rented almost two years prior to the expiration of appellant's lease.

In any event, the lease itself provided that the landlord was under no obligation to mitigate damages. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.