■ RICHARD J. GOLDMAN, Appellant, v ORANGE COUNTY CHAPTER, NEW YORK STATE ASSOCIATION FOR RETARDED CHILDREN, INC., Respondent.—In an action to recover damages for an alleged breach of certain provisions of a lease, the plaintiff landlord appeals from so much of an amended judgment of the Supreme Court, Orange County (Miller, J., at trial; Green, J., on the amended judgment), dated February 22, 1985, as, after a nonjury trial, dismissed his cause of action to recover rent for the period from June 1, 1981, to May 31, 1984.

Amended judgment reversed insofar as appealed from, on the law, with costs, and judgment granted to the plaintiff on his cause of action to recover for rent for the period from June 1, 1981 to May 31, 1984 in the principal sum of $50,352.64, and matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment accordingly.

In 1976, the plaintiff landlord's predecessor in interest and the defendant tenant entered into a lease of certain premises in the Town of Deer Park for a term of five years, commencing on June 1, 1976, and terminating on May 31, 1981. Paragraphs 35 and 36 of the lease provided for the renewal of the lease as follows:

"35th. On May 31, 1979 at landlord's request, tenant will execute a renewal of this lease for five (5) years terminating May 31, 1984, upon all the same terms and conditions herein, paragraph '33' hereof omitted, in which event this lease term originally scheduled to terminate May 31, 1981, will be superseded by the new lease term.

"36th. Whether or not the landlord exercises his option under paragraph '35' hereof, the tenant herewith is given the

option to renew this lease for separate periods of five (5) years on May 31, 1981 and May 31, 1986 or if the landlord has invoked the provisions of paragraph '35' then on May 31, 1984 and May 31, 1989.

"Each five (5) year renewal period shall be upon the same terms and conditions herein stated.

"After the tenant has unilaterally renewed the lease twice as stated above, all further renewals, if any, must be upon mutual agreement of the landlord and tenant."

On April 5, 1979, the plaintiff, through his attorney, notified the defendant that he was exercising his option to renew the lease, as provided for in paragraph 35 of the lease and enclosed a copy of the renewal lease for the defendant's signature. The defendant, however, refused to execute the renewal lease and eventually abandoned the premises on or about April 30, 1981. The instant action was commenced by the plaintiff to recover the rent for the period from June 1, 1981 to May 31, 1984.

During the nonjury trial, the defendant argued that pursuant to General Obligations Law 5-703 (1), the attorney's letter of April 5, 1979 did not constitute a valid exercise of the landlord's option to renew the lease. The trial court properly rejected that argument on the ground of waiver, i.e., it had not been raised either by a motion to dismiss or as an affirmative defense in the defendant's answer (see, CPLR 3211 [a] [5]; [e]).

Nevertheless, the trial court dismissed the plaintiff's cause of action to recover rent for the period from June 1, 1981 to May 31, 1984 on the ground that "under paragraph '35th' a lease renewal could only be effected upon the landlord's request and the defendant's affirmative assent to such request." Since it was undisputed that the defendant "refused to execute a renewed lease as furnished by the landlord", the court held that "no renewed demised term from June 1, 1981 to May 31, 1984 was created between the parties."

We disagree with the trial court's determination. A lease, like any other contract, is to be enforced in accordance with the expressed intention of the contracting parties (see, *Martin Delicatessen v Schumacher,* 70 AD2d 1, *revd on other grounds* 52 NY2d 105; *Orr v Doubleday, Page & Co.,* 223 NY 334, *rearg denied* 223 NY 700). In the case at bar, it is clear that the parties intended that they should each have an option to renew the lease. Therefore, once the plaintiff landlord exercised his option, a bilateral contract was created (see, *1130*

*President St. Corp. v Bolton Realty Corp.*, 300 NY 63, 68). The provision for the execution of a formal lease is immaterial since the new lease was to be based upon the same terms and conditions as the original lease and no material term was left for future negotiations *(see, 1130 President St. Corp. v Bolton Realty Corp., supra)*. Therefore, even though the defendant tenant vacated the premises upon the expiration of the original lease, it is liable for rental payments during the renewal term of the lease.

The defendant also contends that the plaintiff landlord was required, and failed, to properly mitigate his damages. Whether or not the plaintiff had a requirement to mitigate his damages is subject to question *(compare, Becar v Flues,* 64 NY 518, and *Centurian Dev. v Kenford Co.,* 60 AD2d 96, *with Paragon Indus. v Williams,* 122 Misc 2d 628, and *Parkwood Realty Co. v Marcano,* 77 Misc 2d 690). However, we need not decide this question, since the evidence adduced at the trial established that the plaintiff did in fact make reasonable and diligent efforts to rerent the premises *(see, Comar Babylon Co. v Goldberg,* 116 AD2d 551). The record further indicates that as a result of these efforts, the plaintiff obtained a new tenant for the premises commencing January 1, 1984 and received a total of $1,250 from that tenant through May 31, 1984, the date that the renewal lease would have terminated. The plaintiff testified, without contradiction, that pursuant to the formula contained in the original lease executed in 1976, the rent for the period June 1, 1981 to May 31, 1984 totaled $51,604.64. Since the plaintiff received $1,250 in rent from the new tenant, he is entitled to $50,352.64 as damages from the defendant. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.