PAPA GINO'S OF AMERICA, INC., Respondent, v PLAZA AT LA-
THAM ASSOCIATES, Appellant.

Third Department, January 28, 1988

**APPEARANCES OF COUNSEL**

*F. Richard Decatur, Jr.,* for appellant.

*McNamee, Lochner, Titus & Williams, P. C. (Peter A. Pastore* and *David J. Wukitsch* of counsel), for respondent.

**OPINION OF THE COURT**

KANE, J.

In November 1977, plaintiff, a national restaurant chain, and defendant, a partnership and proprietor of a shopping mall located in Albany County, entered into a 20-year lease. Section 12.15 of the lease provided in pertinent part that: "Landlord shall not lease to any other store premises whose main business is the sale of pizza * * * If Landlord leases to a store in violation of this paragraph Tenant shall pay Percentage Rent only plus common area maintenance and real estate tax charges and Merchants Association dues." In July 1984, defendant leased space in the shopping mall to a restaurant known as Little Anthony's Pizza. Apparently, after plaintiff's attorneys threatened legal action, defendant agreed to calculate the percentage rent as provided for in section 12.15. However, from the record before us, it appears that the parties could not agree on how the amount was to be calculated. In the meantime, Little Anthony's ceased operating at the mall. Plaintiff, believing that another competitor would soon appear, then commenced the instant action. The second cause of action in plaintiff's complaint and the only one which is at issue on this appeal sought specific performance of section 12.15. Plaintiff's motion for a preliminary injunction enjoining defendant from leasing to another pizza business was denied. Thereafter, plaintiff moved for summary judgment on its second cause of action. Supreme Court, in granting the motion, found that no issue of fact was shown by defendant's opposing papers and that defendant's allegations did not sustain a theory of mutual mistake, fraud or mistake. The court also found that section 12.15's provisions were clear and that it did not permit defendant to enter unilaterally into other leases by invoking the rental adjustment. Upon reargument, Supreme Court adhered to its original decision. Defendant has appealed.

The initial question before us concerns whether the provisions of section 12.15 are ambiguous and capable of more than one interpretation. A lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease *(Reltron Corp. v Voxakis Enters.,* 57 AD2d 134). If the language is clear and unambiguous, no resort may be had to extrinsic or parol evidence of the intentions of the parties *(Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372). Parol evidence may be used only where there is an ambiguity in the language used *(67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245).

In the instant case, we conclude that Supreme Court properly found that section 12.15 was clear on its face and that defendant was in violation of the lease provisions by leasing to another pizza business. The lease unequivocally stated that: "Landlord *shall not* lease to any other store premises whose main business is the sale of pizza * * * If Landlord leases to a store in *violation* of this paragraph Tenant shall pay a [different rent]" (emphasis supplied).

We also agree with Supreme Court's conclusion that the provision for computing "percentage rent" was a liquidated damages clause and not merely a different rental formula to be used if and when defendant leased to other tenants who operated pizza businesses. The provision in question did not reserve an option for defendant's unilateral election. Furthermore, a liquidated damages clause does not bar the equitable relief of specific performance unless there is explicit language that it is to be the sole remedy for a breach *(Rubinstein v Rubinstein,* 23 NY2d 293; *Barclay Arms Assocs. v Clemente,* 98 AD2d 892). There was no language in the lease agreement that a different computation of rent was to be plaintiff's only remedy.

We also find no abuse in Supreme Court's award of specific performance to plaintiff. "The law presumes that the primary purpose of a contract is performance and not nonperformance" *(Barclay Arms Assocs. v Clemente, supra,* at 893). In reviewing the lease, we agree that the agreement demonstrates the parties intended that the covenant be performed and not that defendant at its option could lease to another pizza business upon a different computation of plaintiff's rent *(see, Diamond Match Co. v Roeber,* 106 NY 473).

Defendant also argues that the previous denial of plaintiff's motion for a preliminary injunction and the initial interpreta-

tion that the clause at issue was not a liquidated damages provision should govern. This argument lacks merit. The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits and the issues at hand are to be decided as though no such injunction had been sought *(see, Walker Mem. Baptist Church v Saunders,* 285 NY 462; Siegel, NY Prac § 448, at 594).

Finally, defendant claims that plaintiff should be estopped from seeking specific performance since plaintiff waited for a year while Little Anthony's occupied space in the mall and defendant relied to its detriment on plaintiff's acquiescence. However, the elements necessary to demonstrate estoppel have neither been pleaded nor proven *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 15). Defendant has failed to allege any incident of fraudulent conduct by plaintiff and makes no claim or showing that plaintiff misrepresented or concealed anything. Therefore, the doctrine of equitable estoppel is inapplicable in the instant case.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.