■ ANN FILIOTIS, Appellant, v JOSEPH NOONAN, as Executor of EMIL VANDEN HENDEN, Deceased, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Posner, J.),

dated March 14, 1988, which, after a hearing, granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The contract of sale entered into by the parties provides, in pertinent part, as follows: "LIQUIDATED DAMAGES: It is agreed between the Buyer and the Seller that in the event of any default by the Seller or Buyer for any reason whatsoever, liquidated damages shall be $1,000". While there is no explicit language in this provision or any other clause of the contract that the liquidated damages was to be the sole remedy, the circumstances surrounding the contract's execution, as elicited at the hearing, disclose that the parties intended that the liquidated damages clause would preclude specific performance (see, Rubinstein v Rubinstein, 23 NY2d 293; Karpinski v Ingrasci, 28 NY2d 45).

Accordingly, the Supreme Court properly dismissed the plaintiff's complaint. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.