■ JOHN FINGUERRA, Appellant, v TERRI L. STONE, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about June 29, 1989, which, in an action seeking, *inter alia,* specific performance of a contract for the sale of a condominium apartment, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

We find that the court properly denied summary judgment. A fair reading of the contract of sale supports finding a triable issue of fact as to whether paragraph 4 of the rider constitutes an escape clause, thus allowing the defendant to unilaterally cancel the sale *(Krasne v Gedell,* 147 AD2d 616, 618). While normally the interpretation of the words in a contract is for the court, the meaning of the clause at issue, to wit: "unable or fails to convey title", is unclear, and that and other possible questions of fact must be resolved at trial *(cf., Barclay Arms Assocs. v Clemente,* 98 AD2d 892). Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.