[650 NYS2d 720]

Cobalt Blue Corp., Respondent, v 184 West 10th Street Corp., Appellant.

First Department, December 12, 1996

APPEARANCES OF COUNSEL

*John A. Santospirito* of counsel *(Risi & Santospirito,* attorneys), for appellant.

*David Ng* of counsel *(Karlsson & Ng, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

Pursuant to a lease, the initial term of which expired on August 31, 1991, entered into by plaintiff's assignor with defendant landlord, the tenant of the premises could renew for two successive five-year terms. To exercise the renewal options, the tenant was required, pursuant to paragraph 60 (c) of the lease, to give notice at least 12 months before the expiration of the then existing term. Paragraph 60 (d) provided that the tenant's renewal options "shall be of no force and effect in the event that at any time prior to the expiration of the then existing term the Landlord shall receive a bona fide offer from any person to lease the demised premises for the period of the renewal term at a rental in excess of the rental provided to be paid by the Tenant during the ensuing renewal term but otherwise on the same terms and conditions as are contained in this lease." The landlord was required to send the tenant copies of the proposed lease, and the tenant had the right, within 30 days after receipt thereof, to accept its terms by executing and returning these copies. If the tenant did not accept within this period, the landlord would be free to enter into the lease with the proposed tenant.

In a letter dated August 3, 1989, plaintiff advised defendant of its intention to exercise both of its renewal options. Defendant refused to agree to the further term. On July 23, 1990, defendant sent plaintiff two copies of a proposed lease with a third party which offered more than triple the rent specified in plaintiff's renewal option. Plaintiff refused to match the third-party offer and commenced this action.

By order entered March 18, 1991, the Supreme Court granted plaintiff's motion for partial summary judgment for a declaration that a binding contract was created once plaintiff exercised its renewal option, holding that the landlord was precluded from invoking the provisions of 60 (d) after plaintiff had

exercised its renewal option. We reversed and denied said motion, finding the relevant lease provisions ambiguous. (180 AD2d 454.) We also noted that there were other issues of fact as to whether the variance in the terms of the existing lease and the proposed lease were substantial or de minimis and whether the counter offer was bona fide.[1]

Thereafter, in June 1994, the parties asked the IAS Court to decide the declaratory judgment action based upon a stipulated set of facts and exhibits. Defendant moved for severance of its counterclaim to evict plaintiff as a holdover and for judgment thereon and a money judgment for use and occupancy. The IAS Court combined these requests for disposition and, finding the stipulated facts no different from the facts upon which it decided plaintiff's original motion for summary judgment, adhered to its March 1991 decision, granted plaintiff summary judgment on its first cause of action, denied defendant's motion and dismissed the holdover proceeding. The present appeal is from that order.

Paragraph 60 (a) of the lease gives the tenant "an option to renew this lease for a term of five (5) years upon the same terms and conditions as are provided herein" except at a higher rental set in a specified amount for each of the five years of the renewal term. Paragraph 60 (b) differs from the previous paragraph; it provides that the tenant shall have "the further option to renew this lease [for an additional five-year term] upon the same terms and conditions as are provided herein except that the rent shall be fixed at an amount equal to the highest bona fide offer from any third party, as provided in [paragraph 60 (d)], but in no event less than [an amount specified for each of the five years of the second renewal term]." Plaintiff contends that the omission from 60 (a) of the qualifying reference to 60 (d) means that defendant, which drafted the lease, did not intend 60 (d) to affect the renewal option for the first five-year term and that therefore the landlord was not permitted to entertain third-party offers for the first renewal term. To the extent that any ambiguity may be created by the disparity between 60 (a) and (b), it is resolved by 60 (d)'s references to renewal options, in the plural, and the "then existing term" rather than "first renewal term" or "then existing renewal term," and by 60 (d)'s failure to differentiate between the renewal options in (a) and (b), which make it clear that the

---

1. Plaintiff makes no claim on this appeal that the proposed third-party offer was not bona fide.

parties intended that 60 (d) apply to both renewal terms. "A lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease." (*Papa Gino's v Plaza at Latham Assocs.*, 135 AD2d 74, 76.) We also note that there is nothing in the lease that suggests that upon the tenant's request to exercise a renewal option, the landlord is required to execute a renewal lease. (*Cf., Goldman v Orange County Ch., N. Y. State Assn. for Retarded Children*, 121 AD2d 683.) Indeed, the landlord is permitted to entertain third-party offers "at any time prior to the expiration of the then existing term."

Moreover, there is a reasonable explanation for the reference to 60 (d) in 60 (b) and the omission of such a reference from 60 (a). 60 (a) is addressed to the first renewal term, the rent for which is set at a specified amount for each year of the renewal term. Thus, 60 (a) stands on its own, without the necessity of a reference to any other subparagraph. In contrast, 60 (b)'s reference to 60 (d) is essential, since the rent for the second renewal term—to which 60 (b) addresses itself—is fixed not in specified amounts but rather "at an amount equal to the highest bona fide offer from any third party, as provided in [60 (d)]."

There still remains the question—not addressed in the IAS Court's opinion—whether the variances between the terms of the original lease and the third-party offer were de minimis or substantial so as to render the third-party offer null and void.[2] The original lease provided, in paragraph 65, that the tenant would pay as additional rent 40% of all increases in real estate taxes above the real estate taxes for the New York City fiscal year 1979-1980. Those taxes were defined as assessments imposed upon property including any special assessments imposed. The third-party lease offer required the tenant to pay as additional rent 40% of any increase in real estate taxes, assessments, water rents and charges, sewer rents and other governmental impositions, duties and charges of every kind and nature as constituted at the time of the base year, defined as commencing January 1, 1991. Plaintiff asserts that the difference is substantial since 60 (d) only permits alterations as to the "rental in excess of the rental provided to be paid" and does not permit changes in the amounts of additional rent. The

---

2. Paragraph 60 (d) of the original lease provides that the third-party offer may be "at a rental in excess of the rental provided to be paid by the Tenant during the ensuing renewal term but otherwise on the same terms and conditions as are contained in this lease."

original lease provides, however, that the third-party offer can vary as to the amount of rent, and we view this term to include additional rent since the landlord could have added further increases to the base rent and omitted any increases to additional rent. The differences are, therefore, de minimis.

Plaintiff also claims that there is a variance between the two leases in that the original lease requires the third-party renewal offer to be "for the period of the renewal term," while the third-party offer was for a 20-year term, i.e., a fixed 10-year term and two five-year renewal options. First of all, since plaintiff attempted to exercise both five-year renewal options simultaneously and thus obtain an additional 10 years under its lease, it should not be heard to complain that the initial term of the proposed lease was 10 years rather than five years—the period of the renewal term. And since plaintiff was not required to exercise the two five-year renewal options under the proposed lease and it loses nothing by reason of this variance, this variance, too, is de minimis.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Elliott Wilk, J.), entered on or about May 24, 1995, which, *inter alia*, granted summary judgment in plaintiff's favor on its first cause of action for a declaration that a binding five-year renewal lease was created once plaintiff exercised its renewal option, and dismissed defendant's holdover proceeding, should be reversed, on the law, without costs or disbursements, the order and judgment (one paper) vacated, the holdover proceeding reinstated and the matter remanded for further proceedings.

ELLERIN, ROSS, TOM and MAZZARELLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on or about May 24, 1995, reversed, on the law, without costs or disbursements, the order and judgment (one paper) vacated, the holdover proceeding reinstated and the matter remanded for further proceedings.