■ INTERNATIONAL CHEFS INC., Doing Business as CAPTAIN HOOK'S FISH & CHIPS, et al., Respondents, v CORPORATE PROPERTY INVESTORS, Appellant. [658 NYS2d 108] —In an action, *inter alia,* to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 16, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Corporate Property Investors (hereinafter CPI) is the owner of the Roosevelt Field Shopping Center in Garden City, New York (hereinafter the shopping center). In August 1992 the defendant leased space in the shopping center's food court to the plaintiff International Chefs Inc., d/b/a Captain Hook's Fish & Chips (hereinafter International). Under the "use" clause of the lease, as amended, the plaintiff was permitted to sell only seafood and dessert.

In the summer of 1995, International entered into negotiations to assign its interest in the lease to Kabuki New Jersey (hereinafter Kabuki), a company which proposed using the premises for the sale of Japanese food. Although the lease required International to obtain the written consent of CPI to any assignment, it further provided that the consent could not be "unreasonably withheld". After reviewing a standard menu of Kabuki, CPI rejected the proposed assignment, purportedly on the ground that Kabuki would compete too closely with an existing Japanese restaurant. The plaintiff subsequently commenced this action against CPI claiming that it had unreasonably withheld consent to the proposed assignment. The Supreme Court denied the motion of CPI for summary judgment finding, *inter alia,* that an issue of fact existed as to whether it had unreasonably withheld its consent to the proposed assignment.

On appeal, CPI contends that the Supreme Court erred in denying its motion because it possesses the unfettered discre-

tion to withhold consent to an assignment where the proposed tenant is not engaged in the exact same business as the existing tenant. We disagree. As a general rule, " '[a] lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease' " *(Cobalt Blue Corp. v 184 W. 10th St. Corp.,* 227 AD2d 50, 53 citing *Papa Gino's v Plaza at Latham Assocs.,* 135 AD2d 74, 76; *see also, Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769). Moreover, a lease "should not be interpreted in such a way as would leave one of its provisions substantially without force or effect" *(Tantleff v Truscelli, supra,* at 246; *see also, Corhill Corp. v S. D. Plants, Inc.,* 9 NY2d 595, 599).

Contrary to the defendant's contention, the assignment provision of the lease, when read as a whole, does not reflect an unambiguous intent to afford CPI absolute and complete discretion to withhold consent in all circumstances where, as here, the proposed assignee is not engaged in selling the identical food items sold by the existing tenant. Rather, the assignment provision of the lease expressly indicates that in determining the reasonableness of a proposed assignment, CPI may take into account the nature of the business of the proposed assignee "in relation to the tenant mix or balance in the shopping center", a consideration which could be viewed as superfluous unless modification of the use clause was also contemplated *(see generally, In re Tech Hifi,* 49 Bankr 876, 880, quoting Simpson, *Leases and the Bankruptcy Code,* 56 Am Bankr LJ 233, 243 [1982]). Indeed, the defendant's interpretation of the lease would render the assignment provisions of the lease meaningless under these circumstances. Accordingly, the Supreme Court properly determined that there were triable issues of fact as to whether CPI had unreasonably withheld its consent to the proposed assignment.

The defendant's objections to the remaining causes of action set forth in the complaint were apparently advanced for the first time in a reply memorandum of law which is not properly part of the record and which has not been included in the record on appeal. Under these circumstances, we decline to review the merits of these claims *(see, Galatti v Alliance Funding Co.,* 228 AD2d 550; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624; *Potter v Blue Shield,* 216 AD2d 773).

The defendant's remaining contentions are without merit. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.