■ ALAN GETTNER, as Executor of HENRIETTE GETTNER, Deceased, et al., Respondents, v GETTY OIL COMPANY et al., Appellants. [701 NYS2d 64] —In an action, *inter alia,* to recover damages for the discharge of petroleum in violation of Navigation Law article 12, the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Westchester County (Scarpino, J.), entered July 28, 1998, which, upon the granting of the plaintiffs' motion for partial summary judgment on the issue of liability and after a nonjury trial on the issue of damages, *inter alia,* is in favor of the plaintiffs and against them in the principal sum of $760,802.90, including the principal sums of $201,969.59 for lost rent, $57,195 for unpaid real estate taxes, $4,345.56 for unpaid insurance premiums, $227,672.50 for attorneys' fees, $6,799.80 for litigation disbursements, $8,000 for litigation support, and $11,000 as a sanction imposed for the allegedly unreasonable denial of a notice to admit pursuant to CPLR 3123.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding $201,969.59 for lost rent, $57,195 for unpaid real estate taxes, $4,345.56 for unpaid insurance premiums, $227,672.50 for attorneys' fees, $6,799.80 for litigation disbursements, $8,000 for litigation support, and $11,000 as a sanction imposed pursuant to CPLR 3123; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the calculation of damages for lost rent and additional rent, including unpaid real estate taxes and unpaid insurance premiums, in accordance herewith.

The plaintiffs, owners of property leased for use as a gas station, commenced this action against the defendants (hereinafter collectively referred to as Getty), their former tenants, seeking to recover damages caused by gasoline contamination on their property. The plaintiffs were granted partial summary judgment on the issue of liability on their cause of action pursuant to Navigation Law § 181 and their cause of action alleging breach of the parties' lease. After a nonjury trial on the issue of damages, the Supreme Court awarded damages in the principal sum of $760,802.90. On appeal, Getty concedes li-

ability and certain basic cleanup costs, but contends that the court erred in awarding other items of damages. Specifically, Getty contends that the plaintiffs were not entitled to attorneys' fees and environmental consultant fees related to the cleanup, costs for fencing and garbage removal, lost rent, and additional rent including unpaid taxes and insurance premiums, attorneys' fees and ancillary expenses for prosecuting this action, and a sanction imposed pursuant to CPLR 3123 for failing to admit the authenticity of certain documents in a notice to admit.

Contrary to Getty's contention, a fair interpretation of the evidence supports the conclusion that it unreasonably delayed the investigation and remediation of the environmental problems. At trial, Getty's witnesses conceded that Getty was reluctant to undertake an investigation of subsurface drains on the premises because it was concerned about the cost and doubted that an investigation was necessary. When these drains were investigated without Getty's approval, at the insistence of the plaintiffs' consultants and counsel, they revealed subsurface contamination. Also, Getty never actually conceded that the plaintiffs were entitled to certain basic remediation costs until it perfected this appeal. Therefore, Getty's assertion that it was at all times willing to remediate the environmental contamination is without merit.

Accordingly, the court did not err in awarding damages to the plaintiffs for the costs that they incurred retaining legal and engineering assistance for the cleanup process, as well as the costs for fencing and cleaning the premises. Recovery was authorized under the terms of the lease, which provided that they could recover "all expenses", including "reasonable attorney's fees * * * and all other costs" to restore the premises. Also, under Navigation Law article 12, the plaintiffs were entitled to recover the indirect costs of the cleanup (see, Navigation Law § 181 [1], [2] [a]; [5]; Strand v Neglia, 232 AD2d 907, 909; Putnam v State of New York, 223 AD2d 872, 873).

In addition, the plaintiffs demonstrated a loss of rental income from their subsequent tenant, Mobil Oil Corporation (hereinafter Mobil), as a result of the contamination. However, Getty is not liable for the entire period that the plaintiffs did not receive rent. Getty's lease terminated on June 30, 1992, and the court awarded lost rent through March 5, 1994, the date when Mobil became obligated to pay rent. The evidence demonstrates that the remediation should have been completed before that time. The New York State Department of Environmental Conservation accepted the remediation plan in October

1993 and the contaminated soil was actually removed from the premises in approximately two days. Accordingly, the remediation could have been completed by November 1, 1993, and the plaintiffs' entitlement to damages ceased at that time. The remainder of the period for which the plaintiffs did not receive rent is attributable to Mobil's work in reconstructing the gas station to prepare for its tenancy. Consequently, we remit the matter for a calculation of damages for lost rental income, including additional rent, for the period of July 1, 1992, through October 31, 1993.

The terms of the lease do not permit the plaintiffs to recover litigation expenses from Getty. The lease provisions cited by the plaintiffs relate exclusively to expenses incurred in litigation with third parties. Accordingly, it was improper for the court to award attorneys' fees, disbursements, and litigation support expenses to the plaintiffs for the prosecution of this action (*see, Hooper Assocs. v AGS Computers,* 74 NY2d 487).

Finally, the court erred in imposing a sanction for Getty's failure to admit the authenticity of certain documents inasmuch as Getty did not possess the knowledge to authenticate them (*see,* CPLR 3123 [a]; *Taylor v Blair,* 116 AD2d 204). O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.