■ FOUR STAR OIL AND GAS COMPANY, INC., Formerly Known as GETTY OIL COMPANY, et al., Respondents, v HARRIS KALISH et al., Appellants. [707 NYS2d 189] —In an action, *inter alia,* to recover damages for the discharge of petroleum products in violation of Navigation Law article 12, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Barone, J.), entered November 6, 1998, in favor of the plaintiffs and against them in the principal sum of $1,043,125.15, based upon the plaintiffs' entitlement to indemnification in the amount of a judgment against them in an action entitled *Gettner v Getty Oil Co.* under Westchester County Index No. 20230-94, (2) a judgment of the same court, also entered November 6, 1998, which dismissed any claim for indemnification above that amount, and (3) an amended judgment of the same court, entered December 14, 1998, which was in favor of the plaintiffs and against them in the principal sum of $1,043,125.15.

Ordered that the appeal from the second judgment entered November 6, 1998, is dismissed, as the defendants are not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the appeal from the first judgment entered November 6, 1998, is dismissed, as that judgment was superseded by the amended judgment entered December 14, 1998; and it is further,

Ordered that the amended judgment is reversed, on the law, the first judgment entered November 6, 1998, is vacated, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The owners of a gas station were awarded a judgment against the plaintiffs (hereinafter Getty), their tenant, for the money the owners paid to clean up petroleum contamination (*see, Gettner v Getty Oil Co.,* 266 AD2d 342). In this action, Getty seeks indemnification for the owners' costs from its tenant, the defendants (hereinafter the operators), who operated the station. The Supreme Court entered judgment in Getty's favor against the operators for the owners' costs, following the granting of Getty's motion for summary judgment against the operators. The appeal from the judgment awarding indemnification to Getty for the owners' costs brings up for review the order deciding Getty's motion and the finding of liability. in Getty's favor (*see,* CPLR 5501 [a] [1]).

Contrary to the conclusion of the Supreme Court, there are triable issues of fact as to whether Getty is entitled to indemnification under the Navigation Law, because it owned the gasoline tanks that allegedly leaked and it failed to establish what caused the discharge of petroleum products (*see, White v Long,* 85 NY2d 564; *Leone v Leewood Serv. Sta.,* 212 AD2d 669). Similarly, there are triable issues of fact as to whether Getty was entitled to indemnification under its agreements with the operators, as the evidence does not establish that it was free from fault (*see, Leone v Leewood Serv. Sta., supra*). The exception contained in one indemnification provision for "sudden and accidental rupture" may be applicable to the circumstances of this case (*cf., International Chefs v Corporate Prop. Investors,* 240 AD2d 369). Accordingly, the Supreme Court should have denied Getty's summary judgment motion in its entirety.

The parties' remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.