■ EUGENE COIZZA et al., Appellants, v 164-50 CROSSBAY REALTY CORP. et al., Respondents. [831 NYS2d 433]—

In an action to compel specific performance of a contract for the sale of real property, the plaintiffs appeal from four orders of the Supreme Court, Queens County (Taylor, J.), all dated July 18, 2005, which, respectively, (1) granted that branch of the motion of the defendants 164-50 Crossbay Realty Corp. and Vincent Sodano which was pursuant to CPLR 3211 to dismiss

the original complaint, (2) denied as academic the plaintiffs' motion for a preliminary injunction, inter alia, directing the defendants 164-50 Crossbay Realty Corp. and Vincent Sodano to cease and desist from altering the subject real property without the plaintiffs' written consent, (3) denied as academic the plaintiffs' motion for an order of contempt arising from the alleged failure of 164-50 Crossbay Realty Corp. and Vincent Sodano to comply with a temporary restraining order of the same court dated November 17, 2004, inter alia, directing them to cease and desist from altering the subject real property without the plaintiffs' written consent, and (4) denied that branch of the defendants' motion which was pursuant to CPLR 3211 to dismiss the plaintiffs' amended complaint.

Ordered that the appeal from the fourth order dated July 18, 2005, is dismissed, as the plaintiffs are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the first, second, and third orders dated July 18, 2005 are reversed, on the law, that branch of the motion of the defendants 164-50 Crossbay Realty Corp. and Vincent Sodano which was pursuant to CPLR 3211 to dismiss the original complaint is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiffs' motions for a preliminary injunction and for an order of contempt; and it is further,

Ordered that pending the Supreme Court's determination of the plaintiffs' motion for a preliminary injunction, the temporary restraining order dated November 17, 2004 is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On August 9, 2002 the plaintiffs contracted to purchase a multi-purpose commercial real property from the defendant 164-50 Crossbay Realty Corp. (hereinafter the seller). The defendant Vincent Sodano, the seller's president, executed the contract on its behalf. The purchase price of $1,200,000 was to be financed by a purchase money mortgage. The contract provided for a closing "on or about" January 15, 2003, and required that the seller deliver a certificate of occupancy and convey "insurable" or "marketable" title. At the same time that the plaintiffs contracted to purchase the property, they also leased a portion of it for use as a retail store. The seller agreed not to "extend, modify or alter" the validity of the other leases in place at the premises without the prior written consent of the plaintiffs.

In paragraph 21 (b) of the contract, the seller acknowledged that the plaintiffs were leasing a portion of the property and

were "about to expend substantial sums in connection with the leasehold in anticipation of the conveyance" of the subject property. Because of that, the contract provided that in the event title did not close for any reason other than the plaintiffs' willful default, the plaintiffs would be paid the sum of $100,000 as "liquidated damages." On the other hand, the contract specifically stated that the seller's "sole remedy" for the plaintiffs' breach would be the sum of $5,000. Sodano personally guaranteed payment of the liquidated damages on behalf of the seller.

By letter dated November 1, 2004, the plaintiffs' counsel informed counsel for the seller that the closing would take place at the latter's office on November 29, 2004. The letter also stated that if the seller found November 29, 2004 to be "severely inconvenient," an alteration of that date was possible, so long as the new date was "close" to November 29, 2004.

By letter dated November 5, 2004, the seller informed the plaintiffs that the delay in closing had cost it approximately $48,000; because of that, it was exercising its right under the contract, "which provide[d] that in the event title did not close for any reason," the seller was to pay the stipulated liquidated damages to the plaintiffs.

Shortly thereafter, the plaintiffs commenced this action seeking specific performance of the contract of sale. By order to show cause dated November 17, 2004, they moved for a preliminary injunction, inter alia, restraining the seller and Sodano from making any alterations to the premises without their written consent. That same date, the Supreme Court signed a temporary restraining order (hereinafter the TRO) providing for similar relief pending the determination of the preliminary injunction motion. By order to show cause dated December 10, 2004, the plaintiffs moved for an order of contempt, alleging that the seller and Sodano had violated the TRO.

The seller and Sodano opposed the motions, and thereafter moved, inter alia, to dismiss the complaint for failure to state a cause of action. After the plaintiffs served a supplemental summons and amended complaint (naming as an additional defendant 164-50 Crossbay Corp., which they alleged was an alter ego of the seller and Sodano), all of the defendants moved, inter alia, to dismiss the amended complaint for failure to state a cause of action.

In an order dated July 18, 2005 the Supreme Court granted that branch of the first motion which was to dismiss the original complaint. In three other, separate orders, all dated July 18, 2005, the court denied as academic the plaintiffs' motions for a preliminary injunction and an order of contempt, and denied

the second motion to dismiss, both as academic, and as "duplicative" of the first one.

Contrary to the conclusion of the Supreme Court, the provisions of the contract, when read as a whole, do not limit the plaintiffs' remedy for the seller's breach to liquidated damages. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). "The law is now well settled that a liquidated damages provision will not in and of itself be construed as barring the remedy of specific performance . . . For there to be a complete bar to equitable relief there must be something more, such as explicit language in the contract that the liquidated damages provision was to be the sole remedy" (*Rubinstein v Rubinstein*, 23 NY2d 293, 297-298 [1968]; *see Barclay Arms Assoc. v Clemente*, 98 AD2d 892 [1983]). Paragraph 21 (a) of the contract specifically provided that the seller's "sole remedy" for breach by the plaintiffs was retention of the $5,000 down payment as liquidated damages. Paragraph 21 (b), however, provided that the plaintiffs' remedy for the seller's failure to close was "liquidated damages" in the sum of $100,000. Since the contract did not limit the plaintiffs' damages to liquidated damages, the plaintiffs' action for specific performance is not precluded (*see W.W.W. Assoc. v Giancontieri, supra* at 162; *cf. Filiotis v Noonan*, 150 AD2d 425 [1989]).

Accordingly, the complaint should not have been dismissed. In light of that disposition, the plaintiffs' motions for a preliminary injunction and an order of contempt no longer are academic, and we remit the matter to the Supreme Court, Queens County, for a consideration and determination of those motions in the first instance. Pending that court's determination of the plaintiffs' motion for a preliminary injunction, we reinstate the TRO.

The defendants' remaining contentions are without merit. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.