10-0114-cv(L), 10-0603-cv(Con)
Global Land, Inc. v. Mayor and Common Council of the City of Peekskill

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fourteenth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GLOBAL LAND, INC. and GLOBAL RECYCLING & COLLECTION, INC.,

> *Plaintiffs-Appellants,*

v.                                                                      Nos.    10-0114-cv(L),
                                                                                10-0603 -cv(Con)

MAYOR AND COMMON COUNCIL OF THE CITY OF PEEKSKILL,

> *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

-------------------------

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

1

**FOR PLAINTIFFS-APPELLANTS:**    DAVID S. STEINMETZ, Zarin & Steinmetz, White Plains, NY (Michele Marianna Bonsignore, Scarsdale, NY, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**    JOSEPH A. STARGIOTTI, Stargiotti & Beatley, P.C., Pleasantville, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED**.

Plaintiffs-appellants Global Land, Inc. and Global Recycling and Collection, Inc. ("plaintiffs" or "Global") appeal from two orders of the District Court dated January 12 and February 11, 2010. Global operates a recycling facility in the City of Peekskill, New York, and, by all accounts, has for some time had a bitter relationship with defendants, the Mayor and Common Council of the City of Peekskill ("defendants" or "the City"). Litigation between the parties was resolved pursuant to a settlement agreement entered into on January 27, 2005 (the "Settlement Agreement").

Four years later the parties brought cross-motions for injunctive relief following alleged breaches of the Settlement Agreement by each. In an order dated January 12, 2010 (the "January Order"), the District Court—"[e]xercising [its] continuing jurisdiction"[1] and pursuant to its "independent power to enforce the settlement agreement,"—enjoined plaintiffs from operating their recycling facility until they complied with the terms of the Settlement Agreement and "vacated" a Notice of Hearing by which the City had sought to commence proceedings aimed at revoking plaintiffs' special permits. Plaintiffs sought and were granted an expedited appeal of that order.

The City next moved for an "order interpreting" the Settlement Agreement. Specifically, the

---

[1] Although federal courts do not automatically retain jurisdiction over "the breach of an agreement that produced the dismissal of an earlier federal suit," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994), the District Court entered an order expressly retaining jurisdiction to interpret and enforce the Settlement Agreement, *cf. id.* (holding that subject matter jurisdiction was lacking but noting that "[t]he situation would be quite different" if the District Court had entered an order "'retaining jurisdiction' over the settlement agreement"). The enforcement and interpretation of the Settlement Agreement were also sufficiently "related to" bankruptcy proceedings to give rise to subject matter jurisdiction. 28 U.S.C. § 1334(b) (providing that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [*i.e.*, bankruptcy proceedings], or arising in or related to cases under title 11"); *see In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any conceivable effect on the bankruptcy estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the bankruptcy court." (some internal quotation marks omitted)).

2

City sought a declaration that, pursuant to the terms of the Settlement Agreement, plaintiffs lacked a special permit covering the portion of their property known as "Building 3" because any special permit covering Building 3 had expired. The District Court agreed and, in a second order dated February 11, 2010 (the "February Order"), declared that the special permit had expired. Plaintiffs appealed from that order and both appeals were consolidated before this Court. We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, plaintiffs argue primarily as follows: (1) under the terms of the Settlement Agreement, the District Court lacked the authority to enjoin plaintiffs from operating; (2) the District Court erred in construing the Settlement Agreement to provide for the termination of plaintiffs' special permit; and (3) the City is estopped from arguing that plaintiffs do not have a special permit covering Building 3. We find no error in the District Court's analysis and, accordingly, we affirm both orders.

With respect to the January Order, we hold that the District Court did not exceed its authority by enjoining plaintiffs from operating. The Settlement Agreement explicitly vested the District Court with the authority to "interpret, implement and *enforce the terms* of . . . this Agreement." Moreover, under New York law courts retain broad discretion to fashion appropriate equitable relief when the contract at issue does not provide for a sole or exclusive remedy. *See, e.g.*, *Vacold LLC v. Cerami*, 545 F.3d 114, 130 (2d Cir. 2008) (relying on *Rubinstein v. Rubinstein*, 23 N.Y.2d 293, 298 (1968); *101123 LLC v. Solis Realty LLC*, 801 N.Y.S.2d 31, 31-32 (1st Dep't 2005); and *Papa Gino's of Am., Inc. v. Plaza at Latham Assocs.*, 524 N.Y.S.2d 536 (3d Dep't 1988)). Because the Settlement Agreement does not specify that any remedies provided therein are to be the sole or exclusive remedies available to the parties, the District Court did not abuse its discretion in ordering equitable relief that it deemed appropriate.

We also find no error in the District Court's February Order declaring that no special permit remains in effect for Building 3. Plaintiffs argue that Building 3 does not require its own special permit and that Building 3 is covered by a special permit granted on January 24, 2006, covering 1011 Lower South Street ("1011 Permit"). Although it appears that the 1011 Permit included Building 3, that permit has expired under the express terms of the Settlement Agreement. Specifically, paragraph eight of the Settlement Agreement, titled "1011 Property and Building 3 Special Permits," states that plaintiffs may apply for special permits covering 1011 Lower South Street and Building 3, but that "such special use permits *shall expire*" at the time the City purchases 1011 Lower South Street. Because that property was purchased on July 28, 2006, the only special permit covering Building 3 terminated on that date.

Finally, there is no basis for holding that the City is equitably estopped from arguing that plaintiffs have no special permit covering Building 3. Although all parties operated under the

3

assumption that Building 3 *was* covered by a special permit for several years, plaintiffs have not demonstrated any "affirmative misconduct" on the part of the City that would warrant an estoppel. *See Rojas-Reyes v. Immigration & Naturalization Serv.*, 235 F.3d 115, 126 (2d Cir. 2000) ("[E]stoppel will only be applied [against the government] upon a showing of affirmative misconduct by the government." (internal quotation marks omitted)).

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. For the foregoing reasons, the District Court's January 12, 2010 order and February 11, 2010 order are **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court