■ CRAIG HIMMELBERGER et al., Respondents, v 40-50 BRIGHTON FIRST ROAD APARTMENTS CORP., Appellant, et al., Defendants. [943 NYS2d 118]—

In an action, inter alia, to impose a constructive trust, the defendant 40-50 Brighton First Road Apartments Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated May 25, 2011, as, in effect, denied its application to recover costs it allegedly incurred in providing security services to its tenants.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the complaint in this action, Frances Himmelberger owned 192 shares of 40-50 Brighton First Road Apartments Corp. (hereinafter the co-op) that represented apartment 8M at 40-50 Brighton First Road in Brooklyn (hereinafter the apartment). Prior to her death, she amended the stock certificate by adding the defendants Deborah Henderson and Jennifer Campbell, as joint owners of the shares, with the understanding that her son, the plaintiff Craig Himmelberger (hereinafter Himmelberger), would be permitted to live in the apartment for the remainder of his life. Frances Himmelberger died in September 2007. By a notice to cure dated November 6, 2007, the co-op notified Henderson and Campbell that they were in violation of the proprietary lease because they did not reside in, and had permitted Himmelberger to occupy, the apartment. The co-op prevailed in a holdover proceeding and regained possession of the apartment by order of the Civil Court, Kings County, dated October 9, 2008. Subsequently, the co-op was awarded its attorneys' fees in an order of the same court dated October 2, 2009.

By application dated May 2, 2011, the co-op sought to recover, from the proceeds of the sale of the apartment, the costs it allegedly sustained for security services due to Himmelberger's unauthorized occupancy of the apartment. By stipulation dated May 16, 2011, the parties resolved all of the issues pertaining to the sale of the shares and disbursement of the sale proceeds except the co-op's application for recovery of the costs of the security services. In an order dated May 25, 2011, the Supreme Court, inter alia, in effect, denied the co-op's application, determining that the express provisions of the proprietary lease did not permit the co-op to deduct the costs of the security services from the proceeds of the sale. We agree.

This action is based on a proprietary lease, which is a valid contract that must be enforced according to its terms (see *Brickman v Brickman Estate at the Point*, 6 AD3d 474, 476 [2004]). As a general rule, " '[a] lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease' " (*Cobalt Blue Corp. v 184 W. 10th St. Corp.*, 227 AD2d 50, 53 [1996], quoting *Papa Gino's of Am. v Plaza at Latham Assoc.*, 135 AD2d 74, 76 [1988]; see *International Chefs v Corporate Prop. Invs.*, 240 AD2d 369, 370 [1997]). Thus, in the interpretation of leases, the same rules of construction apply as are applicable to contracts generally (see *George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 217 [1978]). In those instances where the intent of the parties is clear and unambiguous from the language employed on the face

of the agreement, the interpretation of the document is a matter of law solely for the court (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]; *RAD Ventures Corp. v Artukmac*, 31 AD3d 412 [2006]). A court cannot, under the guise of interpretation, rewrite the parties' contract to impose additional terms (*see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182 [1995]).

Contrary to the co-op's arguments, none of the provisions upon which it relies supports a basis upon which it can recover, from the proceeds of the sale of the apartment, its costs for security services (*see generally Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786 [1980]; *Brickman v Brickman Estate of the Point*, 6 AD3d at 476). Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur. **[Prior Case History: 31 Misc 3d 1231(A), 2011 NY Slip Op 50918(U).]**