■ ARISTA REAL ESTATE HOLDINGS, INC., Appellant, v DANIS KEMALETTIN, Also Known as DENIS KEMALETTIN and Another, et al., Respondents. [19 NYS3d 576]—

In an action, inter alia, for a judgment declaring that the termination date of a certain commercial lease is December 31, 2013, and for ejectment, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 12, 2014, which denied its motion, among other things, for summary judgment on the complaint.

Ordered that the order is affirmed, with costs, and, upon searching the record, summary judgment is awarded in favor of the defendants on the first cause of action, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the termination date of the subject lease is not December 31, 2013.

The plaintiff and the defendant Danis Kemalettin entered into a commercial lease regarding a store located at 151-153 Court Street, in Brooklyn. The front page of the lease indicated that the term of the lease was 15 years, commencing on January 1, 1999, and ending on December 31, 2013. Pursuant to article 67 of the Rider to the lease, in the event the premises were not delivered to Kemalettin by January 1, 1999, then the lease date would begin at the time and date the plaintiff delivered the premises to Kemalettin.

The plaintiff commenced this action, inter alia, for a judgment declaring that the termination date of the lease is December 31, 2013, and for ejectment. The plaintiff subsequently moved, among other things, for summary judgment on the complaint. The Supreme Court denied the motion.

" 'A lease is to be interpreted as a whole and construed to carry out the parties' intent, gathered, if possible, from the language of the lease' " (*Cobalt Blue Corp. v 184 W. 10th St. Corp.*, 227 AD2d 50, 53 [1996], quoting *Papa Gino's of Am. v Plaza at Latham Assoc.*, 135 AD2d 74, 76 [1988]; *see Himmelberger v 40-50 Brighton First Rd. Apts. Corp.*, 94 AD3d 817, 818 [2012]). "Thus, in the interpretation of leases, the same rules of construction apply as are applicable to contracts generally" (*Himmelberger v 40-50 Brighton First Rd. Apts. Corp.*, 94 AD3d at 818). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the plaintiff failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The plain terms of the lease provided that, if the premises were not delivered to Kemalettin by January 1, 1999, then the 15-year lease term would commence on the date the premises were delivered to Kemalettin. In support of its motion, the plaintiff submitted the affidavit of its president, in which he averred that the plaintiff delivered the premises to Kemalettin on July 1, 1999, six months after January 1, 1999. Thus, according to the plaintiff's own admissions, the 15-year lease cannot be said to have terminated on December 31, 2013.

Contrary to the plaintiff's contention, an estoppel certificate and a certain letter signed by Kemalettin do not establish, prima facie, that the termination date of the lease is December 31, 2013. The estoppel certificate clearly states that the lease had not been altered or modified in any way, and the letter does not speak to the date that the premises was delivered (*cf. JRK Franklin, LLC v 164 E. 87th St. LLC*, 27 AD3d 392 [2006]). Thus, the plaintiff's submissions failed to establish, prima facie, that the termination date of the subject lease was December 31, 2013.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, this Court has the authority to search the record

and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]). Here, in light of the plaintiff's admissions and the plain language of the lease, the termination date of the lease cannot be December 31, 2013. Accordingly, we search the record and award summary judgment to the defendants on the first cause of action.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the termination date of the subject lease is not December 31, 2013. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.